WORSHAM V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-464-CR

JOSH CHARLES WORSHAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Josh Charles Worsham of murder and sentenced him to fifteen years’ imprisonment.  In one point on appeal, appellant challenges the admission of extraneous evidence offered to show the previous relationship existing between appellant and the deceased.  We affirm.

Appellant killed his childhood friend Clint Chalmers by stabbing him in the heart during a heated argument.  Appellant claimed that the two were fighting because appellant refused to give Chalmers a ride.  Earlier, Jonathan Derrick had gone to appellant’s home to ask for a ride.  Appellant had agreed, but told Derrick to return after dinner.  He had also told Derrick that he would not give anyone else a ride.  When Derrick returned, Chalmers was with him and Chalmers insisted that appellant give him a ride, too.  Appellant refused, the two began fighting, and appellant killed Chalmers.  

The State claimed that appellant killed Chalmers because Chalmers  shortchanged appellant during their drug dealings.  In a hearing outside the jury’s presence, the State argued that it needed to show evidence of drug dealing as part of the relationship between appellant and Chalmers in order to show appellant’s motive for the murder and to rebut appellant’s self-defense claim.  Appellant’s counsel objected, arguing that the evidence concerning drug activity was inadmissible character conformity evidence.  The trial court overruled the objection, found the evidence relevant to motive, and stated that it would allow evidence concerning drug activity if the State could show that appellant and Chalmers pooled money to buy drugs, there was some type of selling activity, and appellant got shortchanged.  Appellant’s counsel then objected that such evidence would be more prejudicial than probative.  After hearing appellant’s testimony concerning drug activity, the trial court overruled the objection and again stated that the State could elicit testimony concerning appellant and Chalmers’s pooling their money and purchasing drugs.  The trial court also determined that the probative value of the evidence was not outweighed by its prejudicial effect.  

The trial court then allowed the State to cross-examine appellant in front of the jury about his and Chalmers’s prior drug-dealing relationship.  Appellant testified that he had been chauffeuring Chalmers for the past four years, since they were sixteen.  Appellant, Chalmers, and others pooled their money to purchase cocaine, and appellant believed that he did not get back a fair amount of the cocaine to sell.

Appellant argues on appeal that the trial court erred in admitting the following excerpt from appellant’s testimony concerning drug activity because it is not relevant to appellant and Chalmers’s relationship and because it is more prejudicial than probative: 

Q: And about how much would you purchase at a time?

A. About an ounce of cocaine.

Q: An ounce.  Now, is cocaine when you turn around and sell it to someone, is that sold in ounces or in grams?

A: Grams.

Q: And how many hits can you get off of one gram, let’s say rock cocaine, crack cocaine?

A: How many hits?

Q: How many hits in one gram of crack?

A: Depends on how many lines you divide up, however many you want.

Q: And would that be more than five?

A: Depends on the way you break it up.

Q: Could be more than five?

A: Could be.

Q: Up to ten?

A: Yes.

Q: So that was one gram would be five to ten hits?

A: Depending on how you break it up, yes.

Q: And when we say “hits,” it could be five to ten different people getting one hit, correct?

A: I’m not sure what you —

Q: If you’ve got the crack in a pot and you —

A: I’m not talking about crack.  I’m talking about cocaine.

Q: Well, I’m talking about rock cocaine which is also known as crack cocaine.

A: Oh, we never — we never got that.  We just got coke.  We just got powdered coke, which was kind of in a rock form, but it wasn’t crack.  It was just solid cocaine.

Q: Was it a powder like sugar?

A: Yes.  It was like a dry sugar is what it was.  It wasn’t cracked up yet.

Q: It was in a block, correct?

A: Yes.

Q: But it wasn’t a powder, it was a solid block?

A: Some of it was powder, and some of it was clumped together.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the defendant and that he acted in conformity with that character.  
Tex. R. Evid.
 404(b).  Article 38.36 of the code of criminal procedure provides, however, that in all prosecutions for murder the State may offer evidence of the defendant’s previous relationship with the victim, together with all facts and circumstances going to show the condition of the mind of the accused at the time of the killing.  
Tex. Code Crim. Proc. Ann.
 art. 38.36(a) (Vernon Supp. 2004).  

Evidence admissible under article 38.36 may be excluded under rules of evidence 404(b) and 403.  
Tex. R. Evid.
 404(b), 403
; Smith v. State, 
5 S.W.3d 673, 679 (Tex. Crim. App. 1999)
.  If the defendant makes a timely 404(b) or 403 objection, before the trial court can properly admit the evidence under article 38.36, it must first find that the non-character conformity purpose for which it is proffered is relevant to a material issue.  
Smith, 
5 S.W.3d at 679.  
If the proffered evidence is relevant to a material issue, the trial court must then determine whether the evidence should nevertheless be excluded because its probative value is substantially outweighed by its inflammatory effect or the danger of unfair prejudice.  
Id.; see also Saxer v. State, 
115 S.W.3d 765, 774 (Tex. App.—Beaumont 2003, pet. filed); 
Gipson v. State, 
82 S.W.3d 715, 722 (Tex. App.—Waco 2002, no pet.). 
  

Appellate courts measure the trial court’s rulings concerning the admissibility of evidence of other crimes, wrongs, or acts under an abuse of discretion standard.  
Montgomery v. State, 
810 S.W.2d 372, 391 (Tex. Crim. App. 1990).  As long as the trial court’s ruling was at least within the zone of reasonable disagreement, the appellate court will not interfere with the ruling.  
Id.
 at 391.

Rule 401 defines “relevant evidence” as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”  
Tex. R. Evid.
 401.  Rule 404(b) provides that “[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.”  
Tex. R. Evid.
  404(b).  

The above-quoted testimony supported the State’s theory that appellant was motivated to kill Chalmers because he thought Chalmers was cheating him out of drug money.  The testimony demonstrated that appellant was more than just a chauffer.  Instead, it showed that appellant was an active participant in the drug purchases.  He knew the quantity of drugs Chalmers purchased and how the drugs potentially were divided for resale.  We thus agree with the trial court that appellant’s testimony concerning drug activity was relevant as proof of his motive to murder Chalmers.  As such, it was admissible under rule 404(b) because it was being used for purposes other than mere character conformity. 

If a trial court determines that evidence of other crimes or extraneous misconduct has relevance aside from character conformity, and a timely, proper rule 403 objection is made, the trial court must make a balancing determination under rule 403.  
Montgomery
, 810 S.W.2d at 388-89.  Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."  
Tex. R. Evid. 
403.  Only "unfair" prejudice provides the basis for exclusion of relevant evidence.  
Montgomery
, 810 S.W.2d at 389.  Unfair prejudice arises from evidence that has an undue tendency to suggest that a decision be made on an improper basis, commonly an emotional one.  
Id
.  Rule 403 favors admissibility, and a presumption exists that relevant evidence will be more probative than prejudicial. 
 Id
.; 
DeLeon v. State
, 77 S.W.3d 300, 315 (Tex. App.—Austin 2001, pet. ref’d). 

The trial court's balancing determination must be measured against the relevant criteria by which a rule 403 decision is made.  
Tex. R. Evid.
 
403
; Mozon v. State
, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).  The relevant criteria in determining whether the prejudice of an extraneous offense substantially outweighs its probative value include the following:  (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense; (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way"; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, that is, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.  
Id
.  (citing 
Montgomery
, 810 S.W.2d at 389-90). 

Appellant was the only witness who testified concerning drug activity, and, as we have previously observed, the only witness who provided the objected-to testimony concerning the kinds, amounts, and sales of drugs
.  Testimony concerning appellant’s active participation in the drug transactions demonstrated the nature of the previous relationship between appellant and Chalmers and supported the State’s theory that appellant’s motive for killing Chalmers was bitterness about being cheated out of drug money by Chalmers.  It is unlikely that the jury had an irrational emotional response to the drug dealing testimony because the charged offense, murder, was more serious than the extraneous offense, and drug dealing comprised a small portion of the State’s case. 

Appellant claims that the State urged the jury to convict appellant based on testimony concerning drugs.  In her closing statement, the prosecutor argued, “I ask you to listen to those words and think about the prior relation, the drug dealing and how the Defendant felt he wasn’t getting a fair cut.  That’s what this is all about, not about getting a ride that night.”  This statement reiterates the State’s position that appellant’s motive to kill Chalmers was a result of the drug dealing, and is not an attempt to have the jury convict appellant for murder based on the extraneous offense evidence.

We conclude that the trial court’s ruling admitting the testimony complained of in this appeal was within the zone of reasonable disagreement as to whether it was more probative than prejudicial.  Accordingly, we hold that the trial court did not abuse its discretion by admitting the evidence.

We overrule appellant’s issue and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F:  LIVINGSTON, GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 13, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.